■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD SULLIVAN, Appellant.— Three orders of the Supreme Court, Queens County, dated June 22, 1970, January 13, 1971 and March 16, 1971, respectively, affirmed. No opinion. Order of the same court dated June 17, 1970 affirmed insofar as, on reargument, it adhered to the original decision, rendered April 15, 1970, denying one of defendant's several *coram nobis* applications. Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ PEDRO RIVERA, Appellant, v. PURKAN ASSOCIATES, INC., Defendant and Third-Party Plaintiff-Appellant-Respondent; BROOKLYN HOSPITAL, Third-Party Defendant-Respondent et al., Third-Party Defendant.— In an action to recover damages for personal injuries, (1) plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, entered April 16, 1971, as is against him and in favor of defendant, and (2) the defendant third-party plaintiff cross-appeals, as limited by its brief, from so much of the judgment as is against it and in favor of third-party defendant the Brooklyn Hospital, upon the trial court's decision at the close of the case upon a jury trial of the issues of liability, dismissing plaintiff's complaint and the third-party complaint as against said third-party defendant. Judgment reversed insofar as appealed from, on the law, and new trial granted upon plaintiff's complaint and the third-party complaint as against the Brooklyn Hospital, with costs to abide the event, but without costs to the Brooklyn Hospital. The appeals did not present any questions of fact. In our opinion there was sufficient evidence upon which the jury could have rationally found for plaintiff. The statement of the trial court that plaintiff was guilty of contributory negligence as a matter of law was in error. The issue of whether plaintiff's descending a darkened stairway while holding the bannister constituted contributory negligence was an issue of fact for the jury (*Reider* v. *Whitebrook Realty Corp.*, 23 A D 2d 691, 692). Since we are reversing as to the dismissal of the complaint and granting a new trial to plaintiff, we also reverse and grant a new trial as to the third-party complaint as against the Brooklyn Hospital. Rabin, P. J., Hopkins, Munder, Martuscello and Latham, JJ., concur.