■ MARGARET T. WALSH et al., Respondents-Appellants, v KATHARINE V. MORRIS, Respondent-Appellant. (And Two Other Actions.) — Cross appeals from an order of the Supreme Court at Special Term (Ford, J.), entered October 20, 1980 in Franklin County, which, *inter alia,* set aside a jury verdict in favor of plaintiffs Walsh against defendant Cathy M. Walsh, and in favor of defendant Katharine V. Morris against plaintiffs, and directed a new trial in the interest of justice. The facts underlying this matter arose from an auto accident occurring on June 23, 1977 involving vehicles operated by defendants Cathy M. Walsh and Katharine V. Morris. Plaintiffs Margaret Walsh and Robert Walsh were passengers in the vehicle driven by defendant Cathy M. Walsh, their daughter. The Walsh vehicle was struck in the rear by defendant Morris' car as it slowed to a stop in anticipation of making a left turn into a motel complex driveway on Route 86. As a result of the collision, plaintiff Margaret Walsh sustained serious and permanent injuries leaving her a quadriplegic. The jury returned a verdict of $100,000 on behalf of Margaret Walsh and $400,000 on behalf of plaintiff Robert Walsh on his derivative cause of action solely against defendant Cathy Walsh. The jury found no cause for action against defendant Katharine Morris. In setting aside the verdict, the Justice presiding stated that the verdict of no cause of action on behalf of defendant Morris was contrary to the weight of evidence and that the verdict rendered in favor of Margaret Walsh was inadequate. The court then ordered a new trial on all issues raised by the parties in the interest of justice. On this appeal, plaintiffs seek reversal of (1) the order of the court granting a new trial, (2) the denial of their motion for reinstatement of the verdict of Robert Walsh against Cathy Walsh, and (3) the denial of their motion to grant a new trial solely on the question of the damages sustained by Margaret Walsh. Defendant Morris appeals the setting aside of the verdict in her favor of no cause for action. Defendant Cathy Walsh appeals (1) the denial of her motion to dismiss plaintiffs' complaints and defendant Morris' counterclaim against her, and (2) the denial of her motion for an order directing judgment against Morris as a matter of law. The standard of appellate review when analyzing a Trial Judge's decision to set aside a jury verdict is one of liberality in recognition of the fact that only the Judge below has the opportunity to see, hear and weigh the testimony of witnesses and, equally as important, because the independence of mind of the Trial Judge "is ingredient to the sound health of the judicial process" (*Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39

NY2d 376, 381; *Mann v Hunt,* 283 App Div 140). Such a ruling will neverthe-
less be reversed when it unnecessarily interferes with the fact-finding function
of the jury to a degree that amounts to a usurpation of the jury's duty (*Ellis v
Hoelzel,* 57 AD2d 968). In the context of this case, we find that it was not
unreasonable for the Trial Judge to conclude that the evidence preponderated
so heavily in plaintiffs' favor that the jury could not have found in favor of
defendant Morris on any fair interpretation of the evidence. Defendant Morris
testified unequivocally on several occasions that while following the Walsh
vehicle over Route 86 at a distance of some five to six car lengths behind, at a
speed of approximately 45 miles per hour, on a straight stretch of road, under
good visual conditions, she failed to observe the Walsh vehicle decelerate and
come to a stop. Defendant Morris indicated that she had taken her eyes off the
Walsh vehicle for some time and when she looked at it again, she found herself
so close upon it that she was unable to avoid colliding with it. No reason was
proffered by defendant Morris as to why she failed to maintain a look-out
ahead. Under these circumstances, it cannot be said that the court erred in its
judgment to set aside the verdict. Plaintiffs urge on appeal that the court
should not have ordered the relitigation of the issue of defendant Walsh's
negligence and that only a partial retrial is indicated. We disagree. The
question of the negligence of both drivers is so interrelated as to require a
retrial of all the issues. There exists a real possibility that the jury's finding of
no negligence on the part of defendant Morris tainted its other findings. Under
such circumstances, a full retrial is necessary (see 4 Weinstein-Korn-Miller,
NY Civ Prac, pars 4404.34, 4404.35). Having concluded that a retrial was
properly granted, we decline to address the other issues raised by the parties
relating to the legal adequacy of the court's charge to the jury, objections to
evidentiary rulings, and the possible prejudice resulting from removal of one of
the counsel after the selection of the jury. Order affirmed, without costs. Kane,
J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.