■ ROBERT E. WALSH, as Administrator of the Estate of MARGARET T. WALSH, Deceased, Appellant-Respondent, v KATHERINE V. MORRIS et al., Respondents-Appellants. (And Another Related Action.)—Yesawich, Jr., J. Cross appeals from an amended judgment of the Supreme Court at Special Term (Mercure, J.), entered May 27, 1986 in Franklin County, which denied plaintiff's motion to set aside the damage awards as inadequate as a matter of law and denied defendants' motions to set aside the verdict as contrary to the weight of the evidence and to preclude plaintiffs from receiving interest on the judgment.

This accident claim has previously been before this court *(Walsh v Morris,* 88 AD2d 673). On that occasion, we affirmed trial court rulings which, *inter alia,* set aside a verdict of $100,000 awarded decedent, Margaret T. Walsh, for her pain and suffering as inadequate and one of no cause of action in favor of defendant Katherine V. Morris, and ordered a new trial. On August 25, 1980, decedent died and an action to recover for her wrongful death was consolidated with the original action. The matter was retried in October 1982. Plaintiff challenges the adequacy of the jury's verdict insofar as it only awarded $50,000 for decedent's pain and suffering; $50,000 to plaintiff, who was her husband, for the loss of her services and society; and $50,000 for decedent's wrongful death.

In a written decision, the trial court denied plaintiff's motion to set aside the verdict as inadequate and also defendants' respective motions to set aside the verdict, which assigned 75% of the liability to defendant Cathy M. Walsh and 25% to Morris. Nothing occurring on retrial detracts from our observation made on the first appeal regarding Morris' unmistakable liability *(supra,* at p 674). As for Walsh, we find the jury's verdict charging her with 75% of the fault against the weight of the evidence. The record contains physical evidence in the form of skid marks by the Morris vehicle as well as testimony from a number of witnesses which, in our judgment, mandate reapportionment of liability.

The evidence of Walsh's negligence was limited to her prior statement to the effect that she was five feet from the entrance to a driveway on her left which she intended to enter, when she signaled and stopped, and plaintiff's testimony, subsequently disavowed, that the stop was somewhat abrupt. The efficacy of this testimony concerning the abruptness of the stop was refuted not only by plaintiff, but by Kathleen Hogan, a clearly disinterested witness, and, importantly, by the absence of any skid marks by the Walsh vehicle. Our review of the record evidence indicates that the jury's verdict was against the weight of evidence in that Morris' share of the liability should be 75% and Walsh's 25%, and unless defendants agree to apportion responsibility on this basis, a new trial should be had on the issue of liability.

As for the adequacy of the damages awarded, we are of the view that the award of $50,000 for decedent's pain and suffering is inadequate as a matter of law. The medical proof clearly establishes that until her death, 1,154 days after this accident, she endured inordinate pain and depression. The indescribable suffering and sheer agony associated with her quadriplegic, bed-ridden state, impels us, in the interest of justice, to increase this aspect of the jury's verdict to $150,000. Unless the parties stipulate to the aforementioned award, a new trial to determine the damages recoverable for decedent's pain and suffering is to be had.

When the wrongful death award is measured against the fact that: recovery is limited to pecuniary injuries sustained (EPTL 11-3.3); decedent's three children were 20, 19 and 18 years of age at the time of death; she did not have any earning capacity; there was no expert testimony as to the value of her services as a homemaker; and plaintiff, for some reason not appearing in the record, was ordered out of the home during a year of her postaccident recovery, the award is not so disproportionate as to shock one's conscience.

And given that plaintiff's recovery for the loss of his wife's services and society is restricted to the 3.2 years of her postaccident life, and his previously mentioned absence, we are unable to say that the jury's verdict on this cause of action was insufficient.

Of the parties' other arguments, none require comment except defendants' contentions that plaintiff's appeal should be dismissed for laches, because the judgment herein was not entered until January 6, 1986, more than three years after the verdict was rendered, and that interest on the verdict

should be denied. Inasmuch as defendants were at liberty to file the judgment (9 Carmody-Wait 2d, NY Prac § 63:94, at 11-12), both arguments are unacceptable.

Judgment modified, on the law and the facts, without costs, and a new trial ordered with respect to the issues of apportionment of liability among defendants and damages for Margaret T. Walsh's pain and suffering, unless, within 20 days after service of a copy of the order to be entered upon this decision, (1) defendants shall stipulate to apportion liability 75% against defendant Katherine V. Morris and 25% against defendant Cathy M. Walsh, and (2) all parties shall stipulate to increase the award for Margaret T. Walsh's pain and suffering to $150,000, in which event the judgment, as so modified, is affirmed. Kane, J. P., Weiss, Mikoll and Yesawich, Jr., JJ., concur.