■ ANNE C. O'CONNOR et al., Respondents-Appellants, v PIERINO GRAZIOSI, Appellant-Respondent, et al., Defendant.— In a medical malpractice action to recover damages for personal injuries, etc. (1) the defendant Graziosi appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), entered November 26, 1985, which, upon a jury verdict, is in favor of the plaintiff Anne O'Connor and against him in the principal sum of $325,000 (representing Graziosi's 25% proportionate share of a damages verdict in the total amount of $1,300,000 for pain and suffering), and $27,500 (representing Graziosi's 25% proportionate share of a damages verdict in the total amount of $110,000 for lost earnings), and is in favor of the plaintiff John O'Connor and against him in the principal sum of $62,500 (representing Graziosi's 25% proportionate share of a damages verdict in the total amount of $250,000 for loss of services), and (2) the plaintiffs cross-appeal from so much of the same judgment as, upon the jury verdict, fixed the defendant Graziosi's proportionate share of fault at only 25% (the plaintiffs having settled their claims against the other defendant).

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by vacating the award to Anne O'Connor for conscious pain and suffering and the award to John O'Connor and adding thereto a provision severing the plaintiff Anne O'Connor's claim for pain and suffering and the plaintiff John O'Connor's claim for loss of services and grant-

ing a new trial with respect thereto limited to the issue of damages only unless within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Rockland County, a written stipulation consenting to reduce the verdict as to the plaintiff Anne O'Connor for pain and suffering to $250,000 (representing defendant Graziosi's 25% proportionate share of $1,000,000 damages for pain and suffering) and consenting to reduce the verdict as to plaintiff John O'Connor for loss of services to $43,750 (representing Graziosi's 25% proportionate share of $175,000 damages for loss of services), and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements, and the plaintiffs' time to serve and file a stipulation is extended until 20 days after service upon them of this decision and order with notice of entry; in the event the plaintiffs so stipulate, then the judgment in their favor, as so reduced and amended, is affirmed, without costs or disbursements.

The defendant Graziosi asks this court to set aside the jury's damage awards as excessive because they deviate materially from what would be reasonable compensation. He derives this standard from the 1986 amendment to CPLR 5501, which provides that when reviewing a money judgment, *inter alia,* in medical malpractice actions, the Appellate Division shall determine that the award is excessive or inadequate if it deviates materially from what would be reasonable compensation (CPLR 5501 [c]). This legislation was apparently intended to relax the former standard of review and to facilitate appellate changes in verdicts (Siegel, Supplementary Practice Commentary, McKinney's Cons Laws of NY, Book 7B, CPLR C5501:10, 1987 Pocket Part, at 2-3). However, this standard does not apply at bar, since this action was commenced prior to July 30, 1986 (L 1986, ch 682, § 12). Nevertheless, even based on the former and stricter standard of review, namely, the "excessiveness * * * of the award must be such as to shock the conscience of the court" *(see, Petosa v City of New York,* 63 AD2d 1016-1017), based on the relevant testimony, the jury's finding of $1,300,000 in damages for plaintiff Anne O'Connor's pain and suffering and $250,000 for the plaintiff John O'Connor's loss of services was excessive to the extent indicated.

Viewing the evidence in the light most favorable to the plaintiffs, there was sufficient evidence adduced from which a reasonable person might conclude that Graziosi's negligence was a substantial cause of the plaintiff's injuries. Thus, Gra-

ziosi's contention that the plaintiffs' complaint should be dismissed because they failed to establish that his negligence was a proximate cause of their injuries is without merit *(see, Mack v Altmans Stage Light. Co.,* 98 AD2d 468; *Lipsius v White,* 91 AD2d 271). In addition, the jury's verdict as to Graziosi's negligence and the apportionment of fault is supported by the weight of the credible evidence *(see, Sheps v Hall & Co.,* 112 AD2d 281; *O'Boyle v Avis Rent-A-Car Sys.,* 78 AD2d 431).

The trial court did not err in refusing to charge the jury that they may consider the plaintiff Anne O'Connor's comparative negligence as a mitigating factor, since the evidence adduced by Graziosi was insufficient to warrant submission of this issue to the jury *(see, Cicorelli v Capobianco,* 90 AD2d 524, *affd* 59 NY2d 626).

Finally, Graziosi's contention that the trial court erred in permitting the plaintiffs' attorney, in summation, to request a specific dollar figure for damages is without merit *(see, Braun v Ahmed,* 127 AD2d 418).

We have examined the remaining arguments raised by both the plaintiffs and the defendant Graziosi and find them to be without merit. Niehoff, Kunzeman and Kooper, JJ., concur.

Mangano, J. P., concurs in the result, and with respect to the issue of the propriety of the plaintiffs' counsel's summation, concurs on constraint of *Braun v Ahmed* (127 AD2d 418).