■ MILAGROS HERNANDEZ et al., Plaintiff, and WILFREDO HERNANDEZ et al., Appellants-Respondents, v CITY OF NEW YORK, Respondent-Appellant.—In an action to recover damages for personal injuries, etc., the plaintiffs Carmen LeBron and Wilfredo Hernandez appeal from so much of a judgment of the Supreme Court, Kings County (Spodek, J.), dated September 30, 1987, as, upon a jury verdict finding Carmen LeBron 20% at fault in the happening of the accident, and upon a finding that the plaintiff Wilfredo Hernandez had suffered damages in the amount of $125,000 and the plaintiff Carmen LeBron suffered damages in the amount of $115,000, is in favor of the plaintiff Wilfredo Hernandez in the principal sum of only $125,000 and is in favor of the plaintiff Carmen LeBron in the principal sum of only $92,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the defendant of a copy of this decision and order, with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to increase the verdicts as to damages as to the plaintiff Wilfredo Hernandez to $750,000 and as to the plaintiff Carmen LeBron to $350,000, and to a net award of damages to the plaintiff Carmen LeBron of $280,000 ($350,000 less 20% representing her share of the fault), and to the entry of an amended judgment in the principal sum of $750,000 to the plaintiff Wilfredo Hernandez and in the principal sum of $280,000 to the plaintiff Carmen LeBron, accordingly; in the event that the defendant so stipulates, then the judgment, as so increased and amended, is affirmed insofar as appealed from, without costs or disbursements. The findings of fact as to liability are affirmed.

A fire occurred in the city-owned apartment building at 207 Franklin Avenue, Brooklyn, on May 1, 1984. The plaintiff-appellants were trapped on the second floor when the fire, which originated in the first floor, engulfed the entrance hallway. The plaintiff Carmen LeBron testified that she was unable to release the ladder of the fire escape as it was encrusted in rust. As a result, she was forced to throw her grandson, the infant plaintiff Wilfredo Hernandez, then aged four, to the ground below, after which she herself jumped.

The infant struck his head on the concrete and was rendered unconscious. He was admitted to Brooklyn Hospital with a concussion, but was discharged after a few days. However, he was readmitted on May 8, 1984, complaining of headaches. A CAT scan revealed a linear fracture of the infant's skull with swelling on the right back of the head. There was no evidence of hemorrhage or intercranial bleeding. A neurological examination on May 9, 1984, revealed no abnormalities. The infant was discharged on May 11, 1984, and the records indicated that no complications had then been observed.

The examining neurologist who testified for the defendant city found no evidence of any lasting structural or behavioral change in the brain and in his opinion the infant plaintiff had made a full recovery. However, a psychologist, a psychiatrist, and the child's mother all testified that the infant plaintiff had suffered a brain injury in that the infant demonstrated a personality disorder and learning disability, reflected, *inter alia*, by "significant impairment in language functioning, word fluency, reading and spelling" and by difficulties in performing several types of motor tasks because of weakness in processing symbolic information. The psychologist testified that the infant plaintiff's poor intellectual performance because of the traumatic brain injury made it unlikely that he would graduate from high school and that therefore his future employment prospects were bleak. The examining psychiatrist found that the child sustained permanent brain damage from the impact. He found that the history given by the mother of visual, auditory and musicogenic hallucinations to be indicative of organic brain damage. He concluded that the infant plaintiff was suffering from a postconcussion syndrome and organic personality syndrome secondary to a closed head injury. The psychiatrist stated that the infant's prognosis for recovery was poor because brain tissue is irreparable and the damage to the brain was permanent. The psychiatrist also stated that the infant plaintiff would face a life-long course of

psychiatric treatment, possibly requiring medication in the future.

We recognize that proof of the precise nature of a brain injury and evaluation of its consequences are difficult, particularly in the case of infants. However, in light of all the evidence presented at trial, we are satisfied that the infant plaintiff met the burden of proving he had in fact suffered a permanent injury. A finding to the contrary by a jury would have been against the weight of the evidence. We note that the only evidence offered by the defendant contrary to the expert evidence of the infant's personality and emotional disorders was its expert's testimony that these symptoms were not observed during his 40-minute evaluation of the infant plaintiff. We are also cognizant of the fact that the defendant failed to call the expert originally retained by it to examine the infant plaintiff.

The extent of the injuries sustained by the 49-year-old plaintiff, Carmen LeBron, were undisputed. In striking the concrete feet first, she incurred a fragmented fracture of the weight-bearing bones of both feet, permanently disabling her by significantly impairing her ability to walk. It was uncontradicted at trial that she continues to suffer pain and requires a wheelchair and that she suffers from a depressed psychiatric state. She has met the burden of proving she has suffered a permanently disabling injury, and that treatment by surgery is not appropriate. Any finding by the jury to the contrary would have been against the weight of the credible evidence.

The verdict finding the plaintiff Carmen LeBron 20% at fault in the happening of the accident was proper. A jury could reasonably have found that she contributed to her injuries by failing to evacuate the building when she first became aware of the existence of the fire. She was under a duty to protect herself from a known danger, and to use care in observing and appreciating danger (*Townes v Park Motor Sales*, 7 AD2d 109, *affd* 7 NY2d 767). What constitutes knowledge and appreciation of the danger is a question of fact for the jury (*Rivera v Purkan Assocs.*, 38 AD2d 965) and, under the circumstances, we decline to disturb the jury's determination (*see, Williams v City of New York*, 101 AD2d 835). The increased award reflects this finding of comparative fault.

Turning to the adequacy of the damages awarded, we find the verdicts are so disproportionate to the injuries as not to be within reasonable bounds (*see, Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 128). As the trial was commenced before August 1, 1988 (CPLR 5501 [c]; L 1988, ch 184, § 20) the jury's

assessment should not be disturbed unless it is so excessive or inadequate that it shocks the conscience of the court *(O'Connor v Graziosi,* 131 AD2d 553). Reviewing the credible evidence adduced, we find that the verdicts returned were inadequate to the extent indicated.

While we do not condone some of the conduct and trial tactics of defense counsel and do not reject the possibility that counsel's improper tactics may have been in part responsible for the inadequacy of the verdicts, the Trial Judge ruled properly, promptly and effectively on that conduct, rebuking counsel where appropriate and instructing the jury to disregard improper remarks and tactics *(see, Caraballo v City of New York,* 86 AD2d 580, 581). Moreover, because of the failure to object to the defense summation and considering the defendant's summation in light of the summation of the plaintiffs' counsel, the plaintiffs' claim that the defendant's summation was improper does not warrant reversal *(see, Dunne v Lemberg,* 54 AD2d 955; *cf., Lyons v City of New York,* 29 AD2d 923, *affd* 25 NY2d 996). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.