◼ JOHN J. PIEHNIK, Appellant, v THEODORE W. GRAFF et al., Respondents.—Yesawich, Jr., J.

Plaintiff commenced this personal injury action to recover damages he sustained after being struck by a truck. Defendant Robin C. Graff, who was driving when the accident occurred, testified that she was attempting to back out of a parking lot entrance when she hit plaintiff, who was walking by at the time. Plaintiff maintained that the multiple psychological and physical injuries, including a herniated disc, he suffered as a result of the accident left him totally disabled.

At trial, the only issues were the extent of plaintiff's injuries attributable to the accident and the reasonableness of his decision not to undergo a laminectomy to alleviate his chronic pain. At the conclusion of the trial, the jury, in response to Supreme Court's specific written interrogatories, awarded plaintiff $35,000 for damages incurred up to the date of the jury's verdict, $25,000 of which was for lost earnings and $10,000 for pain and suffering. The jury did not, however, award plaintiff any compensation for future loss of earnings, impairment of earning ability and future pain and suffering, including the permanent effect of plaintiff's injuries. Supreme Court denied plaintiff's motion to set aside the verdict as grossly inadequate, prompting plaintiff to appeal.

Plaintiff contends that Supreme Court, in response to a hearsay objection interposed by defense counsel, erroneously denied him the opportunity to testify as to what his ex-wife, a nurse, and his daughter, who is a medical doctor but was not treating plaintiff, advised him regarding the possible complications inherent in submitting to a laminectomy. In his view, this testimony had a direct bearing on one of the principal issues in the case, namely whether his decision not to undergo

the surgery, and thus possibly mitigate his future damages, was reasonable. Although plaintiff's counsel did not alert Supreme Court by an offer of proof or otherwise that this testimony was being elicited for the purpose of demonstrating plaintiff's state of mind and not to prove the truth of the matter asserted, this rationale is fairly inferable from the immediately preceding questions asked of plaintiff and hence the testimony was not inadmissible hearsay (see, Matter of Bergstein v Board of Educ., 34 NY2d 318, 324; see also, Richardson, Evidence §§ 203, 205, at 180-181 [Prince 10th ed]).

In any event, plaintiff did testify that he chose not to have the surgery because he faced only a 50% chance of showing any improvement, a 25% chance of the condition worsening and the risk of paralysis. The attending physician confirmed plaintiff's probability for recovery, and along with defendants' medical expert, recounted other potential complications. In view of the considerable evidence detailing plaintiff's reason for not having the surgery, and the further fact that Supreme Court in its charge to the jury made specific reference to plaintiff's contention that his refusal to have disc removal surgery was made only after much thought and consultations with various medical practitioners and others, including his family, this error was harmless (see, Walker v State of New York, 111 AD2d 164, 165-166).

There is merit, however, to plaintiff's assertion that the damage award was inadequate (see, CPLR 5501 [c]). The uncontradicted evidence is that plaintiff suffers from chronic pain which he will continue to endure if he does not undergo a laminectomy. The medical testimony also makes clear that if this condition remains unresolved plaintiff, who is apparently skilled in mechanical maintenance work, will be reduced to performing sedentary chores. Furthermore, according to defendants' own medical expert, even if plaintiff were to submit to the surgery, and even if it were to prove successful, the best plaintiff could hope to be is permanently partially disabled rather than totally disabled. As the jury verdict denying plaintiff any damage award for future pain and suffering and lost earnings belies the evidence, a new trial limited to the issue of plaintiff's future damages is required (see, e.g., Walsh v Morris, 126 AD2d 911, lv dismissed 70 NY2d 693).

As for plaintiff's claim that Supreme Court's instruction to the jury was deficient in that the court failed to charge that defendants had the burden of proving that the recommended surgery would have mitigated plaintiff's damages (see, 8 Car-

mody-Wait 2d, NY Prac § 57:11, at 289; *see, e.g.,* PJI 2:325), that issue is not preserved for review, for despite having had an opportunity to take exception to the charge and to make additional requests with respect thereto, counsel did neither *(see,* CPLR 4110-b; *Pastore v Boone,* 127 AD2d 872, 874).

Judgment modified, on the law and the facts, without costs, and matter remitted to the Supreme Court for a new trial on the issue of plaintiff's future pain, suffering and lost earnings. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Casey, J., dissents and votes to affirm in a memorandum. Casey, J. (dissenting). I respectfully dissent. Inasmuch as portions of the trial testimony substantially mitigated plaintiff's claim of damages for both physical and psychological injuries, the verdict should, in my opinion, stand in the amount determined by the jury.

Dr. Suresh Undavia testified that plaintiff's depression was attributable to his inability to reconcile with his ex-wife to whom he had been married for 32 years, and that plaintiff's claim of sleeplessness and his other complaints could have been caused by his depression or from the several other prior accidents in which plaintiff was involved. The testimony of Dr. Paul DeLuca indicated that the risks involved in the laminectomy, which plaintiff was advised to undergo, were comparable only to the risks involved in a hernia operation or in an appendectomy, and that plaintiff's chance of recovery after such surgery was excellent. DeLuca admitted that the hospital records showed a preexisting degenerative disc disease and admitted that such condition could result in a ruptured disc by a simple sneeze.

Supreme Court charged that "[i]f, however you find that the operation is one that a reasonably prudent person would submit to, and that the operation would relieve the pain, you will take that fact into consideration in arriving at the amount of damages, if any, that you award". Considering the mitigating testimony in conjunction with this charge, an issue of fact was created for the jury to consider. The jury could have found that plaintiff's complaints were not as severe as he claimed. Furthermore, the testimony left for jury determination the issue of whether the pressure found on one nerve on the left side of plaintiff's lower back was the result of the instant accident, or resulted from one or more of the prior accidents he had sustained, or from some accidental force which caused his preexisting degenerative disc condition to

herniate. Thus, the jury verdict did not deviate materially from reasonable compensation (see, CPLR 5501 [c]; Villa v City of New York, 148 AD2d 699, 701; O'Connor v Graziosi, 131 AD2d 553, 555, lv denied 70 NY2d 613) and should be affirmed.

The charge of Supreme Court was complete and fair to both parties. The court submitted a detailed list of questions for the jury to answer. Although the jury found for plaintiff on the issue of liability, the jury awarded a loss of earnings to plaintiff in the amount of $25,000 and an additional award of $10,000 for pain and suffering. As to future loss of earnings and impairment of earning ability and future pain and suffering, the jury awarded nothing. Obviously, the jury found from the evidence in light of the principle of law charged by the court that defendant unreasonably failed to undergo the surgery that was recommended, which precluded further damages. It is an oftstated legal maxim that jury verdicts should not lightly be set aside (see, e.g., Salazar v Fisher, 147 AD2d 470, 471; Nicastro v Park, 113 AD2d 129) and this maxim is especially applicable here.

Plaintiff further contends that it was reversible error for Supreme Court to preclude him from testifying to what his ex-wife, a nurse, and his daughter, who is a doctor, told him outside of court as to the dangers involved in a laminectomy, as such statements affected plaintiff's state of mind and were not offered for the truth thereof. Supreme Court, in my view, properly excluded such testimony. Supreme Court was not alerted to the purpose of the offer of such testimony. The testimony was clearly self-serving hearsay, and it was not shown that either the ex-wife or daughter was qualified to give such advice any more than an ordinary lay person would be since there was no showing that the ex-wife or daughter had any expertise in respect to laminectomies. Significantly, plaintiff was allowed to state that he was afraid to undergo surgery and that he talked to family members about it; plaintiff's doctors stated the risks involved. With this testimony in the record, Supreme Court properly excluded plaintiff's statements as to what his ex-wife and daughter told him about the risks of the operation. This case is readily distinguishable from Ferrara v Galluchio (5 NY2d 16), the leading case in this area. In Ferrara (a 4 to 3 decision), the plaintiff was permitted to testify to what a qualified dermatologist told her out of court regarding a radiodermatitis condition that she had developed which might become cancerous, as bearing on the plaintiff's claim of cancerphobia. Here, the qualifications

of plaintiff's ex-wife and daughter to state the risks of a laminectomy have not been shown, so their statements were properly excluded by Supreme Court.

Accordingly, the judgment appealed from should in all respects be affirmed.