■ RAYMOND RAMOS, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Defendant. ANTONIO MAYO, Respondent, et al., Plaintiff, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Appellant-Respondent, and RAYMOND RAMOS, Respondent, et al., Defendant.

In this personal injury action, Raymond Ramos was driving

a car on the Whitestone Bridge behind an 18-wheel truck. Antonio Mayo was a passenger in Ramos' car. When Ramos changed lanes to the right, he became aware too late that a TBTA tow truck was stopped in that lane, aiding a disabled car, and, unable to stop, he collided with the tow truck. Both Mayo and Ramos were injured in the accident. Actions were commenced against the TBTA and its employee tow truck driver, Franklin Daniels, on the theory that the driver had been negligent in not setting cones behind his stopped vehicle on the bridge and by not illuminating the directional arrow on his tow truck so as to alert traffic that he was stopped.

The jury returned a verdict in favor of Mayo of approximately $10 million and awarded $1 million to Marilyn Mayo and $200,000 to Ramos. Liability was apportioned at 65% on the part of TBTA and 35% on the part of Ramos. On the TBTA's motion, the IAS Court ordered a new trial on the issue of damages if Antonio Mayo did not stipulate to a reduction of his future pain and suffering award by $2.5 million, if Marilyn Mayo did not stipulate to a reduction of the award to a total of $100,000 and if Ramos did not stipulate to a reduction of his award to a total of $25,000. Antonio Mayo so stipulated, but Marilyn Mayo and Ramos did not.

While the jury's verdict is challenged by the TBTA, it is clear that the jury's determination of liability was reasonably based on a fair apprisal of all the evidence presented to it. Moreover, the IAS Court did not abuse its discretion in modifying the jury verdict by ordering a new trial on the issue of damages unless plaintiffs stipulated to a lowering of their respective awards which were excessive. *(See, e.g., Walsh v Morris,* 88 AD2d 673.)

The TBTA urges that the actions should have been dismissed since it was not proven that the tow truck operator violated a TBTA rule promulgated pursuant to a legislative mandate *(see, e.g., People v Malmud,* 4 AD2d 86). However, there is no clear evidence of such a legislative mandate or a TBTA rule regarding the instant situation. Moreover, the evidence demonstrates that the TBTA's tow truck operator was negligent and was not even aware of the procedure provided for in the TBTA's manual as regards cone placement.

TBTA also seeks to hold its worker to the same professional judgment standard that a firefighter was held to in *Kenavan v City of New York* (70 NY2d 558). However, a firefighter and a TBTA tow truck operator clearly face different levels of risk in their jobs and are thus reasonably held to different stan-

dards in carrying out their jobs. Moreover, the evidence demonstrates that Daniels did not elect an acceptable procedure under the circumstances, as did the firefighters in *Kenavan (supra)*.

Defendant also raises the technical claim that the instant complaint failed to plead that 30 days had elapsed since the claim was presented to the Authority *(see,* Public Authorities Law § 569-a [1]). We take notice of the record which includes the verified notice of claim, the admission of service and the date thereafter of the commencement of this action and accordingly amend the complaint *sua sponte (see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:17, at 366).

We have considered the other claims raised on these appeals and find them to be without merit. Concur—Sullivan, J. P., Milonas, Wallach and Asch, JJ.