■ LEON A. CLIFFORD, Respondent-Appellant, v CLIFFORD RENTAL MANAGEMENT, INC., Appellant-Respondent. [604 NYS2d 380] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: In 1982, plaintiff entered into various agreements with his business partners to consolidate his activities. One of those agreements was an Employment and Non-Competition Agreement (Agreement), by which plaintiff agreed to perform certain services for defendant and further agreed not to compete with defendant. Defendant agreed to compensate plaintiff by, *inter alia,* providing plaintiff with an office and secretary and two leased automobiles for his personal use, which were to be replaced no more often than every five years. At the time that the Agreement was entered into, the two vehicles were a 1981 Ford Escort and a 1979 Cadillac.

Supreme Court properly concluded that defendant had failed to replace the 1981 Escort and that plaintiff had breached the agreement not to compete. Neither party established, however, that it had been damaged by the other's breach and, under the circumstances, nominal damages were properly denied. Defendant did not breach its obligation to provide plaintiff with an office and secretary inasmuch as plaintiff was entitled to them only if he performed services for defendant.

We disagree with Supreme Court's conclusion that defendant was not required to replace the Cadillac because plaintiff

had misrepresented the fact that he, rather than the leasing company, owned the automobile. Defendant agreed to provide the Cadillac through a separate leasing company and never had an ownership interest in or title to the Cadillac. Any dispute over the ownership of the Cadillac cannot be resolved without the presence of the leasing company, which is not a party to this action. We conclude, as Supreme Court found, that plaintiff is entitled to two leased vehicles under the Agreement. Because plaintiff established no damages as a result of a breach of the Agreement, the breach of contract cause of action was properly dismissed.

Supreme Court should not have dismissed the parties' respective demands for a declaratory judgment pursuant to CPLR 3017 (b). To the extent that the pleadings may have been inadequate, any defect in pleading was cured by the proof at trial, which clearly established the rights and obligations that the parties requested be declared. Supreme Court should have considered the pleadings amended to conform to the proof (see, CPLR 3025 [c]; Ramos v Triborough Bridge & Tunnel Auth., 179 AD2d 471, 473). Thus, we modify the court's judgment to declare that defendant is obligated to provide plaintiff with an office and secretary in furtherance of plaintiff's duties under the employment contract; that defendant is obligated to provide plaintiff with two leased vehicles, to be replaced no more than every five years with new leased vehicles of a make and model of defendant's choice; and that the non-competition covenant precludes plaintiff from engaging in any real estate development activities except as an employee of defendant. (Appeals from Judgment of Supreme Court, Oneida County, Lynch, J.H.O.—Declaratory Judgment.) Present—Denman, P. J., Balio, Lawton, Doerr and Boehm, JJ.