■ EUNICE D. MINOR, Appellant, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY, Respondent. [626 NYS2d 165] —Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered March 2, 1994, which granted defendant Triborough Bridge and Tunnel Authority's (TBTA) motion for a directed verdict

and dismissed the complaint, unanimously affirmed, without costs.

In this personal injury action, plaintiff was driving a car on the Triborough Bridge which had four lanes of moving traffic. As she proceeded across the bridge at a rate of 35 miles per hour, in excess of the 20 miles per hour posted speed limit, she made successive lane changes from the far left lane to the far right lane where the accident occurred. Upon entering the lane next to the far right lane, she was behind a 15 feet high tractor trailer from which she maintained a distance of less than one car length. Despite her obscured forward view, she nevertheless changed lanes to the right, unaware that a TBTA tow truck was stopped in that lane. Unable to stop, plaintiff collided with the tow truck and sustained injuries. An action was commenced against the TBTA on the theory that its employees, particularly the tow truck driver, Norman Mills, had been negligent in not setting cones behind his stopped vehicle to divert traffic.

The undisputed trial evidence established that the TBTA tow truck was equipped with strobe lights, radial lights, flashers and a large yellow flashing directional arrow mounted on the cab, all in operation at the time of the accident. The intended TBTA inspection of the road surface was to last no more than three to four minutes, and the tow truck was only stopped for one minute prior to the collision. According to defendant's expert engineer, defendant did not deviate from industry standards under the circumstances in not placing safety cones, nor did the terms of the TBTA Safety Manual, which mandated coning in certain circumstances, apply to the instant project. Plaintiff presented no evidence that defendant breached its duty of ordinary care. The jury's verdict in favor of plaintiff was set aside upon defendant's motion.

The court properly directed a verdict in defendant's favor since, no valid line of reasoning or permissible inferences supported the finding of negligence against defendant (Cohen v Hallmark Cards, 45 NY2d 493, 499). The jury's findings of negligence against defendant was based upon " 'conjecture and speculation which is no substitute for proof' " (Grillias v D'Arrigo Bros. Co., 144 AD2d 638, 639). We note that Ramos v Triborough Bridge & Tunnel Auth. (179 AD2d 471), heavily relied upon by plaintiff, is distinguishable from the case at bar, since, in that case, neither the truck's flashers nor arrow board was operating and the tow truck had been stationary for a substantially longer period prior to the accident and,

according to that plaintiff's expert, defendant's failure to place cones was inappropriate since the truck was stopped for more than four minutes.

We have considered plaintiff's remaining arguments, and find them to be meritless. Concur—Nardelli, J. P., Williams, Tom and Mazzarelli, JJ.