■ ADAM DULMER, Appellant, et al., Plaintiffs, v ARNOLD LANGE, Respondent. [708 NYS2d 449] —In a action to recover damages for personal injuries, etc., the plaintiff Adam Dulmer appeals (1) from an order of the Supreme Court, Orange County (Peter Patsalos, J.), dated February 5, 1999, which denied his motion to set aside the jury verdict as to damages and for a new trial thereon, and (2), on the ground of inadequacy, from a judgment of the same court entered April 7, 1999, which, upon a jury verdict finding the defendant 35% at fault in the happening of the accident and him 65% at fault, and upon awarding him $25,000 for past pain and suffering and $0 for future pain and suffering, is in favor of him in only the principal sum of $8,750.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the facts,

and as an exercise of discretion, with costs, the order dated February 5, 1999, is vacated, the motion is granted, and a new trial is granted on the issue of damages only unless within 30 days after service upon the defendant of a copy of this decision and order with notice of entry, the defendant shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to increase the verdict as to damages for Adam Dulmer for past pain and suffering from the sum of $25,000 to the sum of $125,000 and the verdict as to future pain and suffering from the sum of $0 to the sum of $150,000 and to the entry of an amended judgment in the principal sum of $96,250 ($275,000 less 65%) accordingly; in the event that the defendant so stipulates, then the judgment, as so increased and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The award of $25,000 for past pain and suffering materially deviates from what would be reasonable compensation to the extent indicated herein (see, CPLR 5501 [c]; Dooknah v Thompson, 249 AD2d 260; Walsh v Kings Plaza Replacement Serv., 239 AD2d 408; Senko v Fonda, 53 AD2d 638; cf., Hernandez v City of New York, 156 AD2d 641). The plaintiff Adam Dulmer (hereinafter the plaintiff), who was eight years old when he was struck by the defendant's vehicle, suffered a fractured clavicle and a fractured skull which required life-saving emergency exploratory brain surgery to remove a blood clot (epidural hematoma) from the left side of his brain. The plaintiff was in a coma for several days, and was hospitalized for eight days. Subsequent to the accident, the plaintiff's parents noticed emotional changes in him. The plaintiff's experts performed neurological and neuropsychological examinations on the plaintiff and found that he suffered from neurological dysfunction including motor control problems, language difficulties, and visual memory impairment, all stemming from the accident. The neuropsychological findings of the plaintiff's experts could not be disputed by the defendant's experts and were actually corroborated by one of the defendant's experts on cross-examination.

The award of $0 for future pain and suffering was inadequate to the extent indicated herein. The testimony adduced at

trial established that the plaintiff is suffering and will continue to suffer from neurological and neuropsychological dysfunction and impairment in the future. O'Brien, J. P., Santucci, Thompson and Feuerstein, JJ., concur.