JOSETTE G. HAMMOND et al., Respondents, v KENNETH B. WELSH et al., Appellants. [815 NYS2d 147]—

In an action to recover damages for personal injuries, etc., the defendants appeal from (1) an order of the Supreme Court, Rockland County (Weiner, J.), dated January 25, 2005, which denied their motion pursuant to CPLR 4404 to set aside as against the weight of the evidence a jury verdict on the issue of damages awarding the plaintiff Josette G. Hammond damages in the sums of $36,000 for past pain and suffering and $24,000 for future pain and suffering, and awarding the plaintiff Tonia Jenkins Morrison damages in the sums of $50,000 for past pain and suffering and $275,000 for future pain and suffering, and (2) a judgment of the same court dated January 31, 2005, which, upon the jury verdict, is in favor of the plaintiff Josette G. Hammond and against them in the principal sum of $60,000 and is in favor of the plaintiff Tonia Jenkins Morrison and against them in the principal sum of $325,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in this action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants contend that the plaintiffs' counsel made several prejudicial remarks during his summation which warrant a reversal of the judgment. In light of all the evidence presented and in the context of the defendants' summation, the trial court providently exercised its discretion in denying the defendants' motion for a mistrial, since there is little probability that any prejudice resulted from plaintiffs' counsel's indirect allusions to the existence of liability insurance, a "conspiracy," and hidden facts (*see Oltarsh v Aetna Ins. Co.*, 15 NY2d 111, 118 [1965]; *Calzado v New York City Tr. Auth.*, 304 AD2d 385 [2003]; *Staltare v D & B Distribs.*, 281 AD2d 469, 470 [2001]; *Siegfried v Siegfried*, 123 AD2d 621 [1986]; *cf. Johnson v Lazarowitz*, 4 AD3d 334, 336 [2004]). The defendants' attorney did not object to certain other comments, including those concerning the motives of their medical experts, and thereby failed to preserve for appellate review any claim of error with respect to those comments (*see Meyers v Levine*, 273 AD2d 449 [2000]; *Hernandez v City of New York*, 156 AD2d 641, 644 [1989]).

The trial court also providently exercised its discretion in permitting limited testimony by the plaintiff Tonia Morrison's treating physician concerning the likelihood that she would need future knee replacement surgery, since the need for future surgery was disclosed, albeit in general terms, in the bill of particulars (*see Montenegro v Richfield Props.*, 269 AD2d 505, 506 [2000]; *Holshek v Stokes*, 122 AD2d 777 [1986]). The award in favor of Morrison does not deviate materially from what has been found to be reasonable compensation in cases involving similar injuries (*see Frascarelli v Port Auth. of N.Y. & N.J.*, 269 AD2d 422 [2000]; *see generally Pellegrino v Felici*, 278 AD2d 212, 213 [2000]). Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.