502

■   MARY DORE, as Administratrix of the Estate of CORNELIUS DORE, Deceased, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In a negligence action to recover damages for the wrongful death of plaintiff's intestate, Cornelius Dore, the defendant railroad appeals from a judgment of the Supreme Court, Suffolk County, entered April 16, 1963 after trial, upon a jury's verdict in favor of the plaintiff. Judgment reversed on the law and the facts, and a new trial granted, with costs to abide the event. The case having been given to the jury under the theories of ordinary negligence and the doctrine of "last clear chance," and the jury having returned a general verdict, both theories must be sustained by the evidence or the verdict must be set aside (*Thomas* v. *Central Greyhound Lines*, 6 A D 2d 649, 653). We are of the opinion that, on this record, a finding of freedom from contributory negligence, under the ordinary negligence theory, is against the weight of the credible evidence and therefore requires that a new trial be had. We also are of the opinion that upon the new trial, should different theories of negligence again be invoked, the trial court would be well advised to make use of the procedure available under the statute (CPLR 4111), which permits the rendition of a special verdict or a general verdict accompanied by written answers to written interrogatories (*Jasinski* v. *New York Cent. R. R.*, 21 A D 2d 456, 461–463). (For prior appeal in this case, see *Dore* v. *Wyer*, 1 A D 2d 973.) Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur. Ughetta, J., not voting.

■   In the Matter of MATTHEW R. ENGLISH, Petitioner, v. WATERFRONT COMMISSION OF NEW YORK HARBOR, Respondent.— Proceeding pursuant to article 78 of the CPLR to annul a determination of the Waterfront Commission of New York Harbor, made December 11, 1963 after a hearing, which revoked petitioner's checker's registration. By order of the Supreme Court, Kings County, made May 29, 1964 pursuant to statute (CPLR 7804, subd. [g]), the proceeding has been transferred to this court for disposition. Determination confirmed, without costs. No opinion. Beldock, P. J., Ughetta and Rabin, JJ., concur; Christ and Hill, JJ., dissent and vote to annul the determination and to reinstate the petitioner's registration, with the following memorandum: The commission declined to follow the recommendation of its own hearing officer with respect to the disposition here. In its memorandum decision it conceded that the case turned entirely upon the testimony of one Perretti — a thrice — convicted felon who admitted to many lies and inconsistencies. Only the trial jury in the District Court of the United States saw and heard both the witness Perretti and the petitioner. It found the testimony of the Government's witness Perretti to be incredible, and it gave credence to the petitioner, who was acquitted of crimes related to the reasons for the revocation here. Perretti did not appear at the commission hearing but, by stipulation, his testimony at the Federal trial was put into the present record. In our opinion, his testimony is inconsistent, questionable and incredible as a matter of law; and if it be disregarded (as it should) the determination cannot stand, for all that then remains is bare suspicion.