■    KATHLEEN LAKE, an Infant, by JOHN LAKE, Her Parent and Natural Guardian, et al., Appellants, v DOROTHY LAKE et al., Respondents. (Action No. 1.) DOROTHY LAKE, Respondent, v DONNA H. HARARY, an Infant, by VICTOR HARARY, Her Parent and Natural Guardian, et al., Appellants. (Action No. 2.)—In jointly tried negligence actions to recover damages for

personal injuries, etc., the plaintiffs in Action No. 1 (Kathleen and John Lake) and the defendants in Action No. 2 (Donna and Victor Harary), appeal from an interlocutory judgment of the Supreme Court, Nassau County, entered March 24, 1977, which is in favor of (1) defendants in Action No. 1 and (2) plaintiff in Action No. 2, upon a jury verdict, after a trial limited to the issue of liability only. Interlocutory judgment reversed, on the law, and new trial granted as to both actions, with costs to abide the event. Action No. 1 was brought by Kathleen Lake and her father against her mother, Dorothy Lake, the driver of the car in which Kathleen was allegedly a passenger, and against Donna and Victor Harary, the driver and owner, respectively, of the other vehicle, to recover damages for personal injuries caused by a collision between the two vehicles at an intersection in Nassau County. Action No. 2 was brought by Dorothy Lake against the Hararys to recover damages for personal injuries. The verified complaint in Action No. 2 affirmatively alleged that Dorothy Lake was the operator (and owner) of the car which collided with the Harary vehicle. In both actions, defendants entered general denials. The collision occurred when the Lake vehicle, which was traveling in a southerly direction on Carman Avenue, was making a left turn onto Salisbury Park Drive. That intersection is controlled by a traffic light. The Lake car collided with the Harary vehicle, which was proceeding north on Carman Avenue. Aside from a sharp dispute as to the color of the traffic light at the time of the accident and the relative speeds of the two vehicles, and whether the operator of the Lake car had stopped before making the turn, all of which bore on the issue of the negligence, if any, of the operators of the respective vehicles, the testimony revealed a sharp issue of fact as to who was actually driving the Lake vehicle. Kathleen Lake, who was 18 years old at the time of the accident, testified that when she and her mother left their home, her mother sat in the driver's seat and she sat in the passenger seat next to her mother. Kathleen remembered that her mother had backed out of the garage and had driven the car for a few minutes, but she recalled nothing thereafter until she awoke in the hospital after the accident. Dorothy Lake testified, in accordance with her pleadings, that she was driving at the time of impact. Her first recollection after the impact was that a policeman came over to her car. Dorothy Lake testified that at that point she was lying on the passenger side of the car with her head on the arm rest of the passenger door, below the window. Her feet were on the gas-pedal side of the car. Dorothy Lake also conceded that at that point her daughter Kathleen was lying, unconscious, on the driver's side and that her daughter's feet were under her own. Miss Harary testified that while at the scene immediately after the accident, she observed a young girl slumped over the steering wheel of the Lake vehicle and an older woman on the passenger side, "wedged in with the back of the seat crushed on her back." She heard the older woman yelling "Kathleen" to the girl who was slumped over the steering wheel. Miss Harary testified that she told the police officer at the hospital that Kathleen was driving the Lake car and that she recited the same information in her motor vehicle accident report. Dorothy Lake admitted that she was in the hospital after the accident, heard Miss Harary tell the police officer that Kathleen was the driver of the Lake car and did not contradict Miss Harary's statement at that time. The police officer had little or no recollection of the accident investigation. He did not witness the accident and stated that his report only indicated that the Lake car was owned and had been operated by Dorothy Lake. However, he did not know when and from whom he obtained that information and admitted that he

might have been mistaken in reporting who was the operator of the Lake car. The defendants Harary presented a disinterested witness who testified that at the time of the accident he was sitting in his car facing west on Salisbury Park Drive in obedience to a red light. He observed a vehicle proceeding south on Carman Avenue (the Lake vehicle). That vehicle made a left turn onto Salisbury Park Drive without stopping, thereby going directly into the path of a northbound vehicle. On cross-examination the witness testified that the speed of the northbound vehicle (the Harary vehicle) was between 50 and 55 miles per hour; it was going "like a bat out of hell". The witness testified that after both cars had come to a halt, he immediately parked his car and went over and looked into the car that had made the left turn (the Lake car). He saw a young woman behind the driver's wheel and an older woman on the passenger side on the floor. After all sides rested, defendants' motions to dismiss the complaints were denied; a similar ruling had been made at the conclusion of each of the plaintiffs' cases. In a colloquy before the court charged the jury, the attorney for defendants Harary urged that the court charge that Kathleen had the burden of proving that she was a passenger. The court declined to so charge. It ruled that "if [Kathleen] is the passenger there is no evidence of contributory negligence. So all she would have to prove is that Donna Harary [the driver] was guilty of negligence." In the charge, to which no exception was taken, the court instructed the jury that it was only to consider the evidence and not the views of the court or the arguments, comments or actions of the attorneys, or unanswered questions. The jury was adequately instructed how to determine the credibility of witnesses. It was also informed that if a witness willfully gave false testimony of material facts, it could disregard all of that witness' testimony, or accept so much thereof as it deemed true. Instruction was also given as to the burden of proof and the necessity for a defendant's verdict if the proof did not preponderate in favor of the plaintiff. The allegations of the complaints in the two separate actions were outlined. The question of who was driving the Lake car at the time of the collision was specifically put to the jury and an interrogatory was addressed to the issue of whether Kathleen was the operator. Alternative considerations were set forth to correspond to a finding that either Kathleen or Dorothy Lake had been driving. Next, instruction was given on all of the statutory and common-law duties related to this incident upon which any finding of liability had to be grounded. The jury was presented with four interrogatories, to which no exception was taken. The first was whether Kathleen was a passenger in the Lake car. The second question was addressed to whether she should collect against Dorothy Lake and/or Donna Harary. The second question was to be answered only if the first answer was in the affirmative. The third question, to be answered only if the first question were answered in the negative, was whether Kathleen had proven that the negligence of Donna Harary proximately caused her accident and whether she, herself, was free from contributory negligence. The fourth question, to be answered only if the answers to questions one and three were "no", was whether Dorothy Lake had proved that Donna Harary's negligence proximately caused her injuries. The court, at the request of the attorney for Dorothy Lake as a plaintiff, gave an additional charge that if Dorothy Lake was the driver she could still recover if she was free from contributory negligence and Donna Harary's negligence had caused the accident. The jury unanimously answered the interrogatories as follows: No. 1, "no"; No. 3, "no"; and No. 4, "yes". More particularly, it found that Kathleen was the driver of the Lake car and that the negligence of Kathleen and Donna Harary proxi-

mately caused the accident. The attorney for the Hararys moved to set aside the verdict as contrary to the weight of the credible evidence, contrary to the law and the facts and contrary to the theory on which the Dorothy Lake action had been brought. He argued that a recovery for Dorothy Lake on a finding that she had been a passenger was contrary to both the theory alleged in her complaint and her own testimony as to the facts. It was further contended that the plaintiff Dorothy Lake had failed to prove her claim as alleged in her complaint. The court held that the status of Dorothy Lake was irrelevant and that in order to recover she only had to prove that she was free from contributory negligence and that defendant Donna Harary was negligent. Kathleen's attorney also moved to set aside the verdict, arguing that the only evidence that she was the driver was circumstantial. The court denied that motion. In our view, the judgment must be reversed and a new trial granted as between all of the parties, notwithstanding defendants' failure to object to the charge and to the interrogatories. The plaintiff Dorothy Lake made an affirmative statement, and indeed an admission, in her verified complaint that she was driving her car when it was hit by the Harary car and she claimed that she was not negligent. Implicit in her verified complaint was an assertion that her daughter was a passenger in the car. Dorothy Lake continued to adhere to that position when she testified at her examination before trial that she was the driver and her daughter was the passenger. The complaint of Kathleen similarly alleged that she was a passenger in a car driven by her mother, Dorothy Lake. Those pleadings, it must be emphasized, were never amended prior to the trial. Notwithstanding the allegations of the complaints and the direct testimony of Dorothy and Kathleen Lake, which indicated that the former was the operator of the car and the latter the passenger, there was considerable, if not persuasive, testimony adduced at the trial which supported the jury's determination that the opposite was true. That testimony consisted of the observations of Dorothy Lake, Miss Harary and the disinterested witness, Harary's statement to the police officer at the hospital, which was not contradicted at the time by Dorothy Lake, and a reasonable view of the laws of momentum. There was never a motion made to conform the pleadings to the proof at the close of all the testimony; nor did the trial court take such action *sua sponte.* Under these circumstances, it is our view that the trial court should not have presented to the jury, both in its charge and in the interrogatories, the option of both (a) finding that the positions and status of Dorothy and Kathleen Lake, within their car, was the opposite of that alleged in their verified pleadings and (b) applying the appropriate tort principles within that context. Dorothy Lake was conscious before, during and after the accident. She affirmatively stated that she was the driver of the Lake vehicle and that Kathleen was the passenger. There was never any equivocation by Dorothy Lake on that point. Moreover, the relative positions of the two women in the Lake vehicle prior to the accident was static, rather than kinetic. It was not a fact that was inherently subject to approximation or difficult of recall after a passage of time. Either Dorothy Lake was the driver or she was not. Dorothy Lake was in a position to know one way or the other. Accordingly, her allegation that she was the driver and her daughter the passenger, was not only a material allegation, but one that was integral to the very theory of the plaintiffs' cases. Under these circumstances, a finding by the jury that Dorothy Lake was not the driver of the Lake vehicle, as she had claimed, but rather the passenger, and that Kathleen was the driver and not the passenger, would ordinarily require a dismissal of the complaint. In *Du Bose v Velez* (63 Misc 2d 956,

958), where the complaint was dismissed (due to an inconsistency between plaintiff's pleadings and her trial testimony regarding the cause of the accident), the court stated: "If substantial disparities between pleading and proof are treated as mere trivia * * * why insist upon pleadings at all? Why not try the case first and write the pleadings later? Why should the Bar inconvenience itself with the drafting of complaints and answers when a motion under CPLR 3025 (subd. [c]) will be granted routinely to relieve a party of the consequences of stupidity, inattentiveness, or prevarication? * * * Self-evidently, we need pleadings—so that litigants may know what claims or defenses they must prepare to meet, so that issues are defined for trial, so that parties will be discouraged from tempering their testimony to meet the needs of the occasion." The injustice that flows from the tolerance of such a disparity between the pleadings and proof, as is present in the case at bar, is readily apparent in the posture of the case as it presently stands. The verdict in favor of plaintiff Dorothy Lake was based upon her status as a passenger. However, she disclaimed that status in her pleadings and her trial testimony and, accordingly, defendants were never given the opportunity to cross-examine her in the status of a passenger on the issue of contributory negligence. Similarly, the injustice to plaintiff Kathleen Lake is even more blatant in the context of the jury's verdict against her as the driver, based on her contributory negligence. A finding of contributory negligence against Kathleen in her status as the driver, a status which she never referred to in her pleadings or testified to at the trial, and with respect to which she never had the opportunity of placing her credibility before the jury, cannot be upheld. Accordingly, we deem it proper to reverse the judgment appealed from and grant a new trial as between all of the parties to the two actions. At the new trial, plaintiffs' right to recover, if any, will be determined within the framework of their pleadings, i.e., Dorothy as the driver and Kathleen as the passenger. Plaintiffs, of course, are free, if they be so advised, to introduce any evidence, expert or otherwise, to substantiate their claims that Dorothy was the driver and Kathleen the passenger at the moment of impact and to counter the claims of the Hararys that such was not the case. In no event, however, may a recovery in favor of Dorothy Lake stand upon a jury finding that, contrary to the pleadings, Dorothy Lake was the passenger and Kathleen Lake the driver of the Lake vehicle. Damiani, J. P., Titone, Suozzi, Rabin and Shapiro, JJ., concur.