(April 11, 1988)

■ MARTIN A. BIRNBAUM, Appellant, v ALL-STATE VEHICLE, INC., et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Joy, J.), dated August 20, 1986, which, upon a jury verdict, is in favor of the defendants and against him.

Ordered that the judgment is affirmed, with costs.

The plaintiff's action was based upon his claim that as a result of a July 29, 1980 automobile accident which was caused by the defendants' negligence, he suffered back injuries, including two herniated discs. The defendants contended that the plaintiff's herniated discs were not caused by the accident, but resulted from a preexisting condition called spinal stenosis, the narrowing of the spinal column, and accompanying degenerative changes in the spinal column. The jury found the defendants 100% responsible for the accident but found that their negligence was not the proximate cause of the plaintiff's herniated discs.

The sole issue on appeal is whether the verdict in favor of the defendants was contrary to the weight of the evidence.

A review of the evidence presented during the damage phase of the trial indicates that the cause of the plaintiff's alleged injuries and resulting disability was sharply disputed by the parties' experts. The plaintiff did not call any of his treating physicians. Instead, like the defendants, he relied upon an expert who had examined him after the commencement of this action for the purpose of testifying at the trial. Both experts testified based upon their interpretations of various portions of the available medical records produced by the plaintiff and hypothetical questions based upon how the accident allegedly occurred. While the plaintiff's expert opined that the herniated discs were caused by the accident, both experts agreed that in light of the plaintiff's preexisting back condition, the plaintiff's discs could have herniated at any time during the course of the plaintiff's daily activities. An evaluation of the testimony of the defendants' expert discloses that it was credible and was supported by other evidence in the case. Contrary to the plaintiff's further contention, this expert's testimony contained no concession supporting the plaintiff's theory that the accident caused his herniated discs.

It is well settled that "issues regarding the credibility of witnesses and the accuracy of their testimony are for the jury to determine * * * and its verdict will not be disturbed if it

could have been reached by any fair interpretation of the evidence" *(Sheps v Hall & Co.,* 112 AD2d 281, 283). In this case, the jury reasonably could have concluded that the plaintiff's herniated discs were not caused by the accident.

Accordingly, we find no basis to disturb the jury's verdict in favor of the defendants. Mollen, P. J., Thompson, Lawrence and Weinstein, JJ., concur.