■ STEFAN JURGEN, an Infant, by His Guardian, GLADYS JURGEN, et al., Respondents, v MARY LINESBURGH et al., Appellants.—In a action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Goldstein, J.), dated January 4, 1989, which, upon a jury verdict finding them 99% at fault in the happening of the accident and that the infant plaintiff suffered total damages of $125,000 ($87,500 representing damages for past pain and suffering and $37,500 representing damages for future pain and suffering), is in favor of the infant plaintiff and against them in the principal sum of $123,750.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by reducing the principal sum awarded to the infant plaintiff to $37,500, representing damages for future conscious pain and suffering and adding thereto a provision severing the plaintiffs' claim for damages for past conscious pain and suffering and granting a new trial with respect thereto unless the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to decrease the award of damages for past pain and suffering from the principal sum of $87,500 to the principal sum of $50,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements. The plaintiffs'

time to serve and file a stipulation is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry. In the event the plaintiffs so stipulate, then the judgment in their favor, as so reduced and amended, is affirmed, without costs or disbursements.

While on his way to school on October 21, 1985, the then-13-year-old plaintiff, Stefan Jurgen, was struck by an automobile driven by the defendant Krach and owned by the defendant Linesburgh. After a trial, the jury returned a verdict finding the plaintiff 1% at fault in the happening of the accident and the defendants 99% at fault. The jury also found that the plaintiff suffered total damages amounting to $125,000. On appeal, the defendants urge that the damage award was excessive, that the jury's finding of liability was against the weight of the evidence, and that the trial court erred in precluding the defendants' examining physician, Dr. Hudak, from testifying during the damage portion of the trial because his medical report was not served on the plaintiffs until midtrial.

Upon our review of the record, we find that the award for past conscious pain and suffering was excessive considering the extent of the injuries suffered by the infant plaintiff and, therefore, in the exercise of our appellate review power (CPLR 5501 [c]), reduce it accordingly (see, O'Connor v Graziosi, 131 AD2d 553). The jury award of $87,500 for past pain and suffering constituted a material deviation from what would be reasonable compensation inasmuch as the injured plaintiff testified that he remained at home to recover from his knee injury for about two weeks after the accident. Within about six weeks of the accident he resumed limited exercises at the school gym and full exercise a few weeks later, although he complains about some pain in the the knee presently.

As to future pain and suffering, we find that the award of $37,500 does not materially deviate from what would be reasonable compensation. The record indicates that the infant plaintiff does suffer from some "infrapatellar crepitus", described as a grinding of the kneecap. Dr. Kurth, the plaintiff's expert, testified that this condition shall continue to cause him pain for life.

The defendants contend that the court erred in precluding the defendants' examining physician from testifying, and that the court, in its discretion, could have permitted the testimony "in the interests of justice and upon a showing of good cause" (22 NYCRR 202.17 [h]). We conclude, however, that the trial

court properly exercised its discretion. The defendants did not comply with the exchange requirements of 22 NYCRR 202.17, requiring the exchange of medical reports within 45 days after completion of the examination. Rather, the defendants waited until after the jury reached a verdict on the issue of liability to provide the plaintiffs with the report. We also note that the defendants were given an opportunity to have a radiologist, who had viewed the X rays of the plaintiff's leg, testify on their behalf during the damage portion of the trial but chose not to have the radiologist testify. Finally, it is well settled that issues regarding credibility of witnesses and the accuracy of their testimony are primarily for the jury to determine and its verdict should not be upset if it could have been reached by any fair interpretation of the evidence (see, Birnbaum v All-State Vehicle, 139 AD2d 553; Nicastro v Park, 113 AD2d 129; Frangello v Namm, 157 AD2d 649). After reviewing the record on appeal, this court finds no reason to disturb the jury's apportionment of liability. Mangano, P. J., Kunzeman, Eiber and Harwood, JJ., concur.