■ BETTIE VENABLE et al., Respondents-Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Appellant-Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the defendant New York City Transit Authority appeals from a judgment of the Supreme Court, Kings County (I. Aronin, J.), entered February 8, 1989, which, upon a jury verdict, is in favor of the plaintiff Bettie Venable and against it in the principal sum of $5,016,000 ($2,000,000 for past pain and suffering, $2,030,000 for future pain and suffering, $75,000 for past loss of earnings, $625,000 for future loss of earnings, $88,500 for past medical expenses, $100,000 for future medical expenses, $27,500 for past loss of enjoyment of life, and $120,000 for future loss of enjoyment of life, less $50,000 for no-fault benefits), and is in favor of the plaintiffs Leshawn Brown and Lavonne Brown and against it each in the principal sum of $12,500, and the plaintiffs cross-appeal from the judgment on the ground of inadequacy.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff Bettie Venable to $838,500, representing damages for past and future loss of earnings and past and future medical expenses, less no-fault benefits of $50,000, and adding thereto a provision severing the plaintiff Bettie Venable's claims for damages for past and future pain and suffering and granting a new trial with respect thereto, unless the plaintiff Bettie Venable shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation signed by her consenting to reduce the verdict as to her damages for past and future pain and suffering from the principal sum of $4,030,000 to the principal sum of $1,500,000, and to the entry of an amended judgment accordingly; as so modified, the judgment is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiff Bettie Venable's time to serve and file a stipulation is extended until 20 days after service upon her of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event that the plaintiff Bettie Venable so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The defendant argues that the plaintiff Bettie Venable should not have received separate awards for loss of enjoyment of life in addition to awards for past and future pain and suffering. We agree. In *McDougald v Garber* (73 NY2d 246),

the Court of Appeals held that it is improper to allow separate awards for pain and suffering and for loss of enjoyment of life. Accordingly, the awards for past and future loss of enjoyment of life must be vacated and loss of enjoyment of life should be considered simply as one factor in determining the awards for pain and suffering.

Considering loss of enjoyment of life as an element of pain and suffering, we find nevertheless that the awards to Venable for pain and suffering are excessive. The record indicates that Venable suffered, *inter alia,* a fractured tibia and degloving injury of the ankle, requiring substantial hospitalization and rehabilitation, and possibly necessitating amputation in the future. While the pain was undoubtedly severe, we find that the awards of $2,000,000 for past pain and suffering and $2,030,000 for future pain and suffering "deviate * * * materially from what would be reasonable compensation" (CPLR 5501 [c]; *see, Gonzalez v Manhattan & Bronx Surface Tr. Operating Auth.,* 160 AD2d 420; *Rivera v City of New York,* 160 AD2d 985; *Jurgen v Linesburgh,* 159 AD2d 689; *Menga v Raquet,* 150 AD2d 434). It is our view that the evidence warrants a finding of damages for past and future pain and suffering of $1,500,000.

The awards to Venable for loss of earnings are supported by a fair interpretation of the evidence and are not excessive *(see, Nicastro v Park,* 113 AD2d 129; *see also, Hapgood v P & C Food Mkts.,* 149 AD2d 770). Further, the awards for pain and suffering to Leshawn and Lavonne Brown are not inadequate. Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.