■ ROBERT A. KACHNIC, as Administrator of the Estate of ANN E. KACHNIC, Also Known as ELIZABETH A. KACHNIC, Respondent, v CATHERINE TIEDEMANN et al., Respondents, and RICHARD BARRALE et al., Appellants.—In an action to recover

damages for wrongful death, conscious pain and suffering and loss of services and consortium, the defendants Richard Barrale, John Healy, and Big John's Moving, Inc., appeal from a judgment of the Supreme Court, Westchester County (Facelle, J.), entered November 28, 1988, which, upon a jury verdict apportioning 33⅓% of the fault in the happening of the accident to the defendants Catherine and James Tiedemann and 66⅔% of the fault in the happening of the accident to the appellants, finding that the plaintiff suffered damages in the amount of $312,000 for wrongful death, and the plaintiff's decedent suffered damages of $20,000 for conscious pain and suffering, and $5,000 for loss of the normal pursuits and pleasures of life, and reducing the damages by 10% upon its finding that the plaintiff's decedent failed to mitigate damages, is in favor of the plaintiff and against them in the principal sum of $280,800 for wrongful death, and, in effect, in the principal sum of $18,000 for conscious pain and suffering and $4,500 for loss of the normal pursuits and pleasures of life, totaling the principal sum of $303,300.

Ordered that the judgment is modified, on the law and the facts and as a matter of discretion, by reducing the principal sum awarded to the plaintiff from $303,300 to $280,800, representing damages for wrongful death, and adding thereto a provision severing the plaintiff's claim for damages for conscious pain and suffering and granting a new trial with respect thereto, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Westchester County, a written stipulation consenting to reduce the verdict as to damages for conscious pain and suffering to the principal sum of $20,000, said reduction representing the vacatur of the award for loss of the normal pursuits and pleasures of life, to limit the amount awarded to the plaintiff for conscious pain and suffering to the principal sum of $18,000, and to the entry of an amended judgment accordingly; and as so modified, the judgment is affirmed; and it is further,

Ordered that the plaintiff's time to serve and file a stipulation is extended until 20 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs, payable by the appellants.

The appellants contend that the jury verdict was against the weight of the credible evidence insofar as it found the decedent only 10% responsible for damages sustained, and insofar as it found that the plaintiff sustained $312,000 in damages for wrongful death and the plaintiff's decedent sustained $20,000 for conscious pain and suffering. The apportionment of fault among the defendants is also challenged. In considering whether a particular factual question was correctly resolved by the jury, this court must determine whether the jury's resolution of the factual issues in the plaintiff's favor was based upon a fair interpretation of the evidence (see, Tarantola v Bennett, 141 AD2d 716, 717, citing Nicastro v Park, 113 AD2d 129).

We find that the jury's apportionment of fault and the finding that the plaintiff's decedent was only 10% responsible for the damages sustained were based upon a fair interpretation of the evidence. Moreover, we do not agree with the defendants that the $312,000 verdict for damages for wrongful death or the $20,000 verdict for damages for conscious pain and suffering were against the weight of the evidence and excessive. However, the plaintiff was not entitled to receive a separate award for the decedent's loss of the normal pursuits and pleasures of life (see, McDougald v Garber, 73 NY2d 246). Accordingly, that award must be vacated, and loss of the normal pursuits and pleasures of life should be considered simply as one factor in determining the award for pain and suffering (see, Venable v New York City Tr. Auth., 165 AD2d 871).

We have reviewed the defendants' remaining contentions and find them to be without merit. Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.