■ ROSA MESSINA, Respondent, v JILL BASSO, Appellant.—In a negligence action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), entered May 11, 1989, which, upon a jury verdict finding her 100% at fault in the happening of the accident, upon the granting of her motion to set aside the jury verdict as to damages, and upon a stipulation by the plaintiff to reduce the award of damages from $750,000 to $400,000, is in favor of the plaintiff and against her in the principal sum of $400,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, without costs or disbursements, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages to $325,000, said reduction representing the vacatur of the award for past and future loss of enjoyment of life, and to the entry of an amended judgment accordingly; in the event that the plaintiff so stipulates, then the judgment, as so further reduced and amended, is affirmed, without costs or disbursements.

The record reveals that the plaintiff, a pedestrian, was injured when she was struck by a vehicle operated by the defendant while crossing the street at an intersection. After the liability phase of the bifurcated trial, the jury returned a verdict finding the defendant 100% at fault in the happening of the accident. Contrary to the defendant's contention, we find that the liability verdict is not against the weight of the evidence inasmuch as a fair interpretation of the evidence amply supports that verdict *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Birnbaum v All-State Vehicle,* 139 AD2d 553; *Nicastro v Park,* 113 AD2d 129). Hence, we discern no basis to

disturb the jury's finding as to liability *(see, e.g., Pallotta v West Bend Co.,* 166 AD2d 637; *Jurgen v Linesburgh,* 159 AD2d 689).

Similarly unavailing is the defendant's claim that the trial court committed reversible error in failing to completely charge the jury with respect to a pedestrian's duty to exercise reasonable care in crossing a street. We note that this contention is not preserved for appellate review, as the court recharged the jury on this issue in response to a defense objection, and the defendant voiced no further exception subsequent to the supplemental instructions. In any event, the record demonstrates that the relevant principles were conveyed to the jurors and the defendant "was not prejudiced by any minor error in the court's instructions" *(Grow Tunneling Corp. v City of New York,* 70 NY2d 665, 666).

However, while the damages award, as reduced by the court, does not "deviate materially from what would be reasonable compensation" (CPLR 5501 [c]) and therefore is not excessive, the plaintiff should not have received a separate award for loss of enjoyment of life in addition to her award for conscious pain and suffering *(see, Nussbaum v Gibstein,* 73 NY2d 912; *McDougald v Garber,* 73 NY2d 246; *Venable v New York City Tr. Auth.,* 165 AD2d 871). Accordingly, we have granted a new trial on the issue of damages only, unless the plaintiff stipulates to the vacatur of the award for loss of enjoyment of life. The defendant's additional contention with respect to the propriety of the damages verdict is not preserved for appellate review, and we decline to consider it in the exercise of our interest of justice jurisdiction. Kooper, J. P., Sullivan, Miller and O'Brien, JJ., concur.