■ FRED GONFIANTINI, Appellant, v GERARD ZINO et al., Individually and Doing Business as NEW YORK BUILDERS SUPPLY Co., Respondents. (And a Third-Party Action.)—Judgment, Supreme Court, New York County (Philip C. Modesto, J.) entered on or about December 24, 1990 which, after a trial, dismissed both the complaint and the third-party complaint, unanimously reversed, on the law, without costs, and the matter is remanded for a new trial on liability only.

Plaintiff, an employee of A&A Awning Corp., the third-party defendant subcontractor was injured when he fell from a ladder while installing a metal awning at a private home. The owners of the premises, Guiseppe and Ida Rubbo, initially hired defendant and third-party plaintiff New York Builders Supply Co., and New York Builders Supply subcontracted with A&A Awning Corp. to actually do the installation.

The complaint alleged generally, that the aluminum extension ladder plaintiff had been furnished with was defective and "suddenly" slipped out from under him. Plaintiff's bill of particulars stated that the specific defect in the ladder was that the rubber "shoes" normally attached to the bottom of the ladder had been removed. Those statements were repeated in a supplemental bill of particulars which was mainly concerned with plaintiff's injuries. At trial, plaintiff's primary theory of recovery was based on Labor Law § 240 and was, that the absence of the rubber shoes on the bottom of the ladder, which was resting on concrete, caused the ladder to slide out from under him while he was applying caulking material around the edge of the awning.

During cross-examination of the plaintiff by counsel for third-party defendant A&A Awning Corp., it was brought out that the ladder was not secured at the top or the bottom, and that there was no one holding the ladder while plaintiff was on it. In addition, Alex Mondaro Jr., who ran A&A Awning with his father, testified that while ladders without the rubber shoes were considered unusable and were usually repaired, he had used a ladder in that condition without incident. Mr. Mondaro Jr. also testified that whenever he went up on any

extension ladder he would require that someone hold the ladder at the bottom for safety purposes, and that at one time or another he instructed all his employees to have someone hold the ladder any time they used one. In a motion to dismiss plaintiff's Labor Law claim, made in the middle of the trial, defendant New York Builders Supply argued that the absence of the rubber shoes did not rise to the level of a violation of the Labor Law, and that plaintiff could have properly secured the ladder or had someone hold it.

After all parties rested the plaintiff's counsel moved for a directed verdict on the ground that the use of the unsecured ladder was a violation of the Labor Law. The court denied the motion on the ground that the failure to secure the ladder was a different theory from that originally relied on by the plaintiff. The court stated that the case was tried on the theory that the ladder was defective, and that it would be submitted to the jury on that theory. After further argument, plaintiff moved to conform the pleadings to the proof and the court denied that motion as well.

CPLR 3025 (b) explicitly provides that "[a] party may amend his pleading * * * at any time by leave of court" and that "[l]eave shall be freely given upon such terms as may be just". CPLR 3025 (c), authorizes courts to permit pleadings to be amended before or after judgment to conform them to the evidence upon such terms as may be just. As with a motion pursuant to CPLR 3025 (b), the determination is committed almost entirely to the discretion of the trial court *(Murray v City of New York,* 43 NY2d 400, 405). The operative factor considered upon a motion to conform pleadings is prejudice to the nonmoving party. Upon a motion pursuant to CPLR 3025 (c) the effect on the orderly prosecution of the trial may be taken into account *(supra).* Where no prejudice is shown, the amendment may be allowed during or even after trial *(Dittmar Explosives v A. E. Ottaviano, Inc.,* 20 NY2d 498, 502). Moreover, it has been stated that "[w]hen a variance develops between a pleading and proof admitted at the instance or with the acquiescence of a party, such party cannot later claim that he [or she] was surprised or prejudiced and the motion to conform should be granted" *(Murray v City of New York, supra,* at 405).

In this case the trial court erred in denying the plaintiff's motion to conform the pleadings to the evidence. The testimony that the ladder in question was not secured in any way was admitted on cross-examination of the plaintiff by, and therefore at the instance of, defendant New York Builders

Supply Co. and without objection from the third-party defendant A&A Awning Corp. Furthermore, in response to the plaintiff's motions neither party argued that it did not have an opportunity to contest the evidence. Therefore, ample opportunity existed for the defendant and third-party defendant to respond to the evidence and, the prejudice to these defendants in allowing plaintiff to conform the pleadings was comparatively minimal. This case is distinguishable from *Forman v Davidson* (74 AD2d 505), where the defendant had no opportunity to meet a completely new theory advanced by the plaintiff.

Failure to properly erect, secure or place a ladder as well as the failure to provide a safety belt to the worker using the ladder constitutes a violation of Labor Law § 240 *(Tate v Clancy-Cullen Stor. Co.,* 171 AD2d 292, 296, citing *Bland v Manocherian,* 66 NY2d 452, 460). Had that theory been submitted to the jury along with the others in this case, the jury would have been entitled to find that, under the circumstances, the defendants failed to satisfy the responsibilities imposed by Labor Law § 240 (1) in that they had not "erected" or "placed" the ladder from which plaintiff fell in such manner, or with such safeguards, as necessary to provide plaintiff with "proper protection" *(Bland v Manocherian, supra,* at 461). Since the court precluded the jury from considering a viable theory of liability a new trial is warranted.

The verdict sheet contained a separate section for the computation of plaintiff's damage award. Under the circumstances herein, where a negligence theory of liability was presented in addition to a Labor Law theory, the jury was entitled to proceed to compute damages even though it found no liability under the Labor Law theory. The charge and questions concerning plaintiff's damages were clear and not ambiguous. The error in this case related only to the theory of liability submitted to the jury, and was not in any way concerned with the proof relating to plaintiff's injuries. Consequently, only the liability issues need be retried *(Schabe v Hampton Bays Union Free School Dist.,* 103 AD2d 418, 432). Concur—Milonas, J. P., Ellerin, Kupferman, Ross and Smith, JJ.