■ JOSEPHINE BADEN, Appellant-Respondent, v D.L. PETERSON TRUST et al., Respondents-Appellants.—In a negligence action to recover damages for personal injuries, (1) the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated December 12, 1991, which granted the defendants' motion to vacate the jury verdict on damages and granted a new trial on the issue of damages, and (2) the defendants appeal from an interlocutory judgment of the same court, dated March 3, 1992, which, upon a jury verdict, found the defendants 100% at fault in the happening of the accident.

Ordered that the order dated December 12, 1991, is affirmed, without costs or disbursements; and it is further,

Ordered that the interlocutory judgment dated March 3, 1992, is affirmed insofar as appealed from, without costs or disbursements.

The then 75-year-old plaintiff sustained a broken hip when she was struck by a vehicle as she was walking across a street within a corner crosswalk. The defendant William Mecrorie was the driver of the vehicle that struck her. Contrary to the defendants' contention, we find that the jury verdict finding the driver 100% at fault in the happening of the accident is not against the weight of the evidence *(see, Jurgen v Linesburgh,* 159 AD2d 689; *Nicastro v Park,* 113 AD2d 129). Accordingly, the trial court was correct in refusing to disturb the

jury's finding as to defendants' full liability (see, Messina v Basso, 170 AD2d 656).

During the damages portion of the trial, the court admitted into evidence, over the defendants' objection, the testimony of the plaintiff's consulting physician and the X-rays used by that physician. The jury awarded the plaintiff $900,000 in damages. The court granted the defendants' motion to set aside the damages portion of the verdict, ruling that it committed reversible error in admitting the plaintiff's consulting physician's testimony and X-rays into evidence during the trial. The court also stated that the verdict was grossly excessive, and that any verdict in excess of $200,000 would be excessive. We agree with the court in all respects.

As the trial court recognized, it erroneously admitted into evidence the testimony of the plaintiff's consulting physician because the plaintiff failed to comply with 22 NYCRR 202.17 (g), requiring the exchange of medical reports 30 days before trial. Further, the plaintiff failed to make the requisite showing of good cause for the admission of the expert's testimony which would have permitted the court to dispense with the requirement of 22 NYCRR 202.17 (g) (see, 22 NYCRR 202.17 [h]). As the court also recognized, the X-rays used by the consulting physician were insufficiently authenticated and improperly received into evidence. The testimony of the plaintiff's expert was damaging to the defendants' case, and we agree with the trial court that the error in admitting the testimony was so prejudicial as to require a new trial on damages. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.