■ BEVERLY NEILS et al., Appellants, v VANESSA DARMOCHWAL, Respondent, et al., Defendants. [774 NYS2d 809]—

In an action to recover damages for podiatric malpractice, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Dutchess County (Dillon, J.), entered October 1, 2003, which, upon a prior order of the same court dated January 3, 2003, granted the motion of the defendant Vanessa Darmochwal to preclude them from offering certain expert testimony at the trial and dismissed the complaint.

Ordered that the notice of appeal from the order dated January 3, 2003, is deemed a premature notice of appeal from the order and judgment (see CPLR 5520 [c]); and it is further,

Ordered that the order and judgment is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the motion which was to

preclude the plaintiffs' expert from testifying based on evidence other than his physical examinations of the plaintiff Beverly Neils and substituting therefor a provision denying that branch of the motion, and (2) deleting the provision thereof dismissing the complaint; as so modified, the order and judgment is affirmed, without costs or disbursements, the complaint is reinstated, and the order dated January 3, 2003, is modified accordingly.

The plaintiff Beverly Neils and her husband commenced this action against the defendant Vanessa Darmochwal and others, inter alia, to recover damages for alleged podiatric malpractice. The action against all of the defendants other than Darmochwal was discontinued. In addition to reviewing the parties' deposition testimony and Beverly Neils's medical records, the plaintiffs' medical expert physically examined her. However, his report was not timely served on Darmochwal in accordance with the requirements of 22 NYCRR 202.17 (g).

The Supreme Court properly precluded the plaintiffs' expert from testifying at the trial regarding his physical examinations of Beverly Neils because of the untimely service of his report and the plaintiffs' failure to demonstrate good cause for the admission of that part of his testimony (*see Berson v Chowdhury,* 251 AD2d 278 [1998]; *Baden v Peterson Trust,* 190 AD2d 705, 706 [1993]; 22 NYCRR 202.17 [h]). However, under the circumstances, the Supreme Court improvidently exercised its discretion in precluding the plaintiffs' expert from giving testimony based on other evidence in the case (*see Markey v Eiseman,* 114 AD2d 887 [1985]). Contrary to the Supreme Court's conclusion, that testimony was not "inextricably intertwined" with the testimony regarding the physical examinations, and his expert opinion was not dependent upon those examinations. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.