■ MAHMOUD DIARASSOUBA, Respondent, v WILLIAM P. URBAN et al., Appellants, et al., Defendants. [808 NYS2d 344]—

In an action to recover damages for medical malpractice, the defendant William P. Urban appeals and the defendants Spencer Lubin and Kentaro Horiuchi separately appeal from a judgment of the Supreme Court, Kings County (Steinhardt, J.), dated April 8, 2004, which, upon a jury verdict, inter alia, finding the defendant William P. Urban 60% at fault, the defendant Spencer Lubin 20% at fault, and the defendant Kentaro Horiuchi 20% at

fault in the happening of the accident, and upon an order of the same court dated February 4, 2005, inter alia, denying that branch of the motion of the defendants Spencer Lubin and Kentaro Horiuchi which was to set aside the verdict and for a new trial on the ground that certain errors occurred during the trial, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the law and as a matter of discretion, the branch of the motion of the defendants Spencer Lubin and Kentaro Horiuchi which was to set aside the verdict and for a new trial on the ground that certain errors occurred during the trial is granted, the order dated February 4, 2005, is modified accordingly, and a new trial is granted, with costs to abide the event.

In a medical malpractice action against, among others, William P. Urban, an orthopedic surgeon, and Spencer Lubino and Kentaro Horiuchi, both anesthesiologists, the plaintiff alleged, inter alia, that during a 10-hour long operation on the plaintiff's left leg and knee on June 5, 1996, the appellants failed to reposition the plaintiff's non-operative right leg, deviating from good and accepted medical practice, resulting in injury to the right leg. The appellants claimed that there was no departure from accepted medical norms and that their actions did not cause the injuries alleged in the plaintiff's pleadings.

At trial, one of the plaintiff's treating physicians, Alexander E. Weingarten, was qualified as an expert and testified in both capacities. The plaintiff also called Dr. Urban and, over objection, questioned him on "compartment syndrome," a condition that was not alleged as an injury in the bill of particulars. Initially, the trial court permitted such questions, but then reversed itself. Notwithstanding that determination, additional questions by the plaintiff relating to compartment syndrome continued. Also, the plaintiff's expert was allowed to testify that the plaintiff's deep vein thrombosis caused reflex sympathetic dystrophy in the non-operative right leg. In so doing, the trial court permitted the plaintiff to alter both his theory of liability and the nature of the injuries sustained.

The plaintiff was permitted to testify that, in response to complaints of pain in the non-operative right leg, that Dr. Urban stated such pain occurred because "we had forgotten your leg in one position for so long." The defendants Horiuchi and Lubin objected to this statement as hearsay. Their objection was overruled.

The appellants' attorneys moved for a mistrial on numerous grounds including the failure of the plaintiff to complete full disclosure of the medical files in question, which the trial court ultimately denied.

While the hearsay statement of Dr. Urban was admissible against him as an admission, it was not admissible against the anesthesiologists, Lubin and Horiuchi (*see* Prince, Richardson on Evidence § 8-238 [Farrell 11th ed]). The potential prejudice to Lubin and Horiuchi is self-evident given the plaintiff's pleadings. The trial court erred in overruling the objection of Lubin and Horiuchi based on the inadmissibility of such evidence as against them.

Moreover, compartment syndrome was never alleged in the bill of particulars, and allowing the jury to consider proof of such condition resulted in substantial prejudice to the appellants warranting a mistrial (*see Arguinzoni v Parkway Hosp.*, 14 AD3d 633 [2005]; *Palchik v Eisenberg*, 278 AD2d 293 [2000]; *Sharkey v Locust Val. Mar.*, 96 AD2d 1093 [1983]).

Additionally, there is no dispute that the plaintiff's expert witness, Dr. Weingarten, testified both as a treating physician and an expert. Such circumstance presents itself frequently and does not render such witness incompetent. However, in such circumstances, compliance with court rules regarding exchange of expert reports and disclosure of all requested medical records of the plaintiff's treatment is essential (*see* 22 NYCRR 202.17). The failure to comply with such rules was improper (*see Neils v Darmochwal*, 6 AD3d 589 [2004]; *Baden v Peterson Trust*, 190 AD2d 705 [1993]).

The appellants were prejudiced by the trial errors and thereby deprived of a fair trial. Accordingly, we reverse the judgment, and remit the matter to the Supreme Court, Kings County, for a new trial (*see Forman v Davidson*, 74 AD2d 505 [1980]). Crane, J.P., Ritter, Goldstein and Lifson, JJ., concur.