■ JESSENIA A. FIENCO, Respondent, v TODD B. ROSE et al., Appellants. [824 NYS2d 666]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered June 15, 2005, which, upon a jury verdict and upon the denial of the defendants' motion to set aside the verdict and for a new trial, is in favor of the plaintiff and against them in the principal sum of $80,000.

Ordered that the judgment is reversed, on the law and in the exercise of discretion, the defendants' motion to set aside the verdict and for a new trial is granted, and the matter is remitted to the Supreme Court, Orange County, for a new trial, with costs to abide the event.

The Uniform Rules for New York State Trial Courts provide that, subject to a contrary judicial determination, "no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged" (22 NYCRR 202.17 [h]). Here, the Supreme Court allowed the plaintiff's physician to testify concerning the permanence of the plaintiff's injuries based upon an examination conducted during the trial on the morning on which the testimony was given. The defendants' counsel first became aware of the examination in the course of the physician's testimony, and the substance of that testimony was not reflected in the medical reports previously exchanged. Although strict application of the rule is, by its terms, subject to a contrary judicial determination, the Supreme Court improvidently exercised its discretion in allowing the physician's testimony here, in the absence of a showing of good cause (*see Gregory v Mulligan*, 266 AD2d 344, 345 [1999]; *Berson v Chowdhury*, 251 AD2d 278 [1998]). Since, in these circumstances, the defendants were prejudiced and deprived of a fair trial by the admission of the testimony, a new trial is required (*see Diarassouba v Urban*, 24 AD3d 602 [2005]; *Baden v Peterson Trust*, 190 AD2d 705 [1993]; *Forman v Davidson*, 74 AD2d 505 [1980]). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.