■ Dennis Coles, Respondent, v Wu-Tang Productions, Inc., Doing Business as Wu-Tang Publishing, et al., Appellants. [916 NYS2d 100]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 1, 2009, after a nonjury trial, in plaintiff's favor, unanimously modified, on the law, to reduce the award to plaintiff by 25% of the net royalty payments received by defendant Wu-Tang Productions, and otherwise affirmed, without costs, and the matter remanded for recalculation of the award.

In this action for the payment of royalties for musical compositions cowritten by plaintiff, the documentary evidence established that Wu-Tang was entitled to retain 25% of the net royalty payments it received from Careers-BMG Music Publishing, Inc. (BMG) before paying plaintiff his share. Pursuant to the agreement between plaintiff and Wu-Tang, plaintiff conveyed an undivided 50% interest in the copyrights in those compositions to Wu-Tang, and, with plaintiff's consent, Wu-Tang transferred 50% of its interest in the copyrights to BMG. Thus, Wu-Tang retained a 25% interest in the copyrights.

The record supports the trial court's determination that plaintiff, as a lyricist of the compositions, and defendant Diggs, as a producer of the music, regarded themselves as joint authors sharing equally in the ownership of a joint work (*see Childress v Taylor*, 945 F2d 500, 508 [2d Cir 1991]). The court properly granted plaintiff leave to conform the complaint to the evidence presented at trial by adding a claim against Diggs for his unauthorized receipt of a 50% producer's fee (*see* CPLR 3025 [c]; *Gonfiantini v Zino*, 184 AD2d 368, 369-370 [1992]). Concur—Gonzalez, P.J., Tom, Andrias, Acosta and Abdus-Salaam, JJ.