McNeill v Gewirtz

2026 NY Slip Op 03366

May 28, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Ella McNeill, Plaintiff-Appellant,

v

Andrew Gewirtz, et al., Defendants-Respondents.

Decided and Entered: May 28, 2026

Index No. 20178/19|Appeal No. 6736|Case No. 2025-04920|

Before: Webber, J.P., Gesmer, Rodriguez, Pitt-Burke, O'neill Levy, JJ.

Asher & Associates, P.C., New York (Jennie Shatynski of counsel), for appellant.

Shaub, Ahmuty, Citrin & Spratt LLP, Great Neck (Christopher Simone of counsel), for Andrew Gewirtz, respondent.

Heidell, Pittoni, Murphy & Bach, LLP, New York (Gregory Freedman of counsel), for Uptown Healthcare Management, Inc., respondent.

[*1]

Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered July 11, 2025, which denied plaintiff's motion to conform her pleadings to the evidence, unanimously reversed, on the law, without costs, and the motion granted.

In this medical malpractice action, plaintiff successfully opposed defendants' motions for summary judgment, resulting in the court finding certain material questions of fact related to defendants' treatment of plaintiff, particularly concerning a phacoemulsification surgery performed by defendant doctor, which plaintiff alleges caused her injuries. Plaintiff's bill of particulars alleged various injuries associated with the surgery performed by defendant, including blurry vision, eye pain, headaches, double vision, instability due to distorted vision between plaintiff's left and right eye, and the need to undergo a subsequent corrective surgery. Plaintiff sought, post-note of issue, to conform her pleadings to the proof adduced by her expert, including to specify that the injuries caused by the surgery included exacerbated glaucoma, pupillary injury, and Aniseikonia.

As an initial matter, neither plaintiff's motion nor this appeal are moot. CPLR 3025(c)'s applicability is not limited to trial. To successfully defeat a motion brought under CPLR 3025(c), defendants must demonstrate prejudice that they would suffer due to her amendment of her bill of particulars. "[A]n appeal will be considered moot unless the rights of the parties will be directly affected by the determination of the appeal and the interest of the parties is an immediate consequence of the judgment' . . . [T]he appeal is not moot if an appellate decision will eliminate readily ascertainable and legally significant enduring consequences that befall a party as a result of the order which the party seeks to appeal" (Matter of Veronica P. v Radcliff A., 24 NY3d 668, 671 [2015] [internal quotation marks and citations omitted]).

The court improperly denied plaintiff's motion to amend the pleadings (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). In opposing the motion, defendants failed to show that they would be prejudiced by allowing plaintiff to conform her pleadings to the evidence (see Gonfiantini v Zino, 184 AD2d 368, 369 [1st Dept 1992]; Torres v New York City Tr. Auth., 78 AD3d 419, 420 [1st Dept 2010]). Defendants did not establish that the amendment or plaintiff's delay hindered them in the preparation of their case or prevented them from taking some measure to support their positions (see Kimso Apts., LLC, 24 NY3d at 411).

We note that CPLR 3025 permits the court to grant such a motion upon such terms as may be just, and plaintiff represented to the court that she would not object to a request from defendants for time to conduct additional discovery.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 28, 2026